IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD L. BOHLKE, | CASE NO. 8:04cv506 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| JAMES L. WAGNER, et al., | |
| Defendants. | |

This matter is before the court on filing no. 26, the defendants' Motion for Summary Judgment. The plaintiff, Donald L. Bohlke, a prisoner in the custody of the Nebraska Department of Correctional Services, describes allegedly unsanitary conditions at the Dakota County Jail where he was a pretrial detainee for several months during 2003. In addition, Mr. Bohlke complains of delayed medical care when he suffered asthma attacks at the jail. On two occasions, jail personnel arranged for the plaintiff's transportation to a hospital where he received treatment, even though corrections officials allegedly delayed the trips to the hospital and failed to use a wheelchair to ease the plaintiff's discomfort. The plaintiff has sued the Sheriff, a Corporal, a nurse and others employed at the jail.

Pretrial detainees are not convicted prisoners and, therefore, their rights do not arise under the Eighth Amendment to the United States Constitution. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999), cert. denied. 528 U.S. 1157 (2000). The rights of pretrial detainees under the Due Process Clause are at least as great as those of convicted prisoners under the Eighth Amendment. Id. Accordingly, the standards applicable under the Eighth Amendment will be discussed, below.

The plaintiff characterizes the defendants' conduct as "negligent" (filing no. 1 at 4). However, the United States Constitution does not provide a remedy for negligence or even gross negligence. While the plaintiff could have filed a tort claim against the County and the defendants and could have sued them for violations of state law in a state court, to bring a civil rights claim in federal court requires a much higher level of fault than negligence and more than violation of the applicable jail standards or state law.[1] Thus, despite the conditions to which the plaintiff allegedly was exposed, this case must be dismissed for failure to meet the constitutional standard discussed below.

Regarding the risks to the plaintiff's health encountered at the jail, the Eighth Amendment to the United States Constitution requires jail officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).

The objective element of an Eighth Amendment claim requires a deprivation which, viewed objectively, is sufficiently "serious," that is, "the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities;' or the prison official must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation omitted). The

---

[1] There is no federal constitutional question inherent in an alleged violation of state law by a state official. "[A] violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." Bagley v. Rogerson, 5 F.3d 325, 328 (8th Cir. 1993). Accord Collins v. Bellinghausen, 153 F.3d 591, 596 (8th Cir. 1996); Marler v. Missouri State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996).

subjective element of an Eighth Amendment claim requires that an official act with deliberate indifference to inmate health or safety. Deliberate indifference means that the official both was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference describes a mental state more blameworthy than negligence. A plaintiff is not required to show that the defendant acted for the very purpose of causing harm or with knowledge that harm will certainly result. Id., 511 U.S. at 835. However, "deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." Olson v. Bloomberg, 339 F.3d 730, 736 (8th Cir. 2003).

Regarding the allegedly unsanitary and de-humanizing conditions at the jail, "[t]he 'cruel and unusual punishments' standard applies to the conditions of a prisoner's confinement .... While 'the primary concern of the drafters was to proscribe tortures and other barbarous methods of punishment,' the Supreme Court's 'more recent cases [show that] [t]he [Eighth] Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'... 'No static test can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'" Chandler v. Crosby, 379 F.3d 1278, 1288-89 (11th Cir. 2004) (citations omitted).

As in the case of medical care, deliberate indifference to other conditions of confinement requires the reckless or callous disregard of a known, excessive risk of serious harm to the safety of the plaintiff or other inmates in the plaintiff's position. Tucker v. Evans, 276 F.3d at 1001. The record does not indicate that the conditions of the

3

plaintiff's confinement were "'so inappropriate as to evidence intentional maltreatment ....'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (citation omitted).

In addition, while the conditions described by the plaintiff were objectionable, the plaintiff was not exposed to them for a long enough period to support a claim under the Eighth Amendment or the Due Process Clause. See, e.g., Barney v. Pulsipher, 143 F.3d 1299, 1311-12 (10th Cir. 1998):

> An important factor in determining whether conditions of confinement meet constitutional standards is the length of the incarceration. Thus, a "filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 ... (1978). Courts have repeatedly held that similar and far worse conditions fail to state a claim because of the brief nature of the incarceration. See, e.g., Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (deplorably filthy and patently offensive cell with excrement and vomit not unconstitutional because conditions lasted only for 24 hours); White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993) (eleven day stay in unsanitary cell not unconstitutional because of relative brevity of stay and availability of cleaning supplies); Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir. 1988) (five day stay in "filthy, roach-infested cell" not unconstitutional); see also Ogbolu v. McLemore, 1997 WL 49449, at *2 (10th Cir. Feb.7, 1997) (cold, wet, drafty, and unsanitary solitary cell for two days does not violate Eighth Amendment).

See also Smith v. Copeland, 87 F.3d 265, 268-69 (8th Cir. 1996): "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities .... However, any analysis of confinement conditions must be based on the totality of the circumstances .... We have found a constitutional violation where inmates were forced to work without protective gear 'in a shower of human excrement.'... We have also ordered prisons to provide protective gear and to warn of the dangers of working in AIDS-contaminated waste .... We have similarly found a violation where an inmate was forced to endure a cell covered with filth and human waste for two full years .... **[T]he**

4

**length of time a prisoner is subjected to harsh conditions is a critical factor in our analysis**." (Citations omitted; emphasis added.)

A claim of negligence arises under Nebraska law, not federal law, and the plaintiff may be able to pursue a claim against the defendants in a state court. This court has discretion under 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over claims arising under state law when the court has dismissed the claim(s) over which the court has original jurisdiction. Also, 28 U.S.C. § 1367(d) tolled the limitations period for any state law claims during the pendency of this federal lawsuit. 28 U.S.C. § 1367(d) states in pertinent part: "The period of limitations for any claim asserted under subsection (a) ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." The tolling provision of section 1367(d) provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." Jinks v. Richland County, 538 U.S. 456, 464 (2003).

THEREFORE, IT IS ORDERED:

1. That filing no. 26, the defendants' Motion for Summary Judgment, is granted; and

2. That a separate judgment will be entered accordingly. Fed. R. Civ. P. 58.

DATED this 2nd day of February, 2006.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge

5